# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 20, 2011

No. 11-60207
Summary Calendar

Lyle W. Cayce
Clerk

SUSAN ADOBU ERE,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 684 340

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioner Susan Adobu Ere, a native and citizen of Nigeria, petitions for review of the order of the Board of Immigration Appeals (BIA) that dismissed her appeal of the order of the Immigration Judge (IJ) denying her applications for cancellation of removal and adjustment of status.  She first claims that the BIA erred by concluding that her prior Texas conviction for wholesale promotion of obscene material is a crime involving moral turpitude (CIMT) which renders her ineligible for adjustment of status.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60207

We use a two-part test to analyze the issue whether a given offense is a CIMT. *Hyder v. Keisler*, 506 F.3d 388, 390 (5th Cir. 2007). This test demands that we give significant deference to the BIA's "definition of the phrase 'moral turpitude'" while we engage in a de novo review of the question whether the elements of the disputed offense align with the definition of CIMT used by the BIA. *Id.*

Our application of this standard to the facts and law of the instant case shows no error in connection with the BIA's decision. The Texas offense of wholesale promotion of obscene materials necessarily involves conduct that the average person would deem to appeal "to the prurient interest in sex," to have no artistic value, and involving "patently offensive representations or descriptions of" sexual acts. Tex. Penal Code §§ 43.21, 43.23. This aligns with the BIA's description of moral turpitude as "conduct that shocks the public conscience as being inherently base, vile, or depraved, and contrary to the accepted rules of morality." *See Hyder*, 506 F.3d at 391. The cases on which Ere relies are materially distinguishable as they involve other statutes. She has not shown that the BIA erred in concluding that her prior offense was a CIMT.

Likewise unavailing is Ere's challenge to the BIA's conclusion that her false claim of United States citizenship on a voter registration application also rendered her inadmissible. Ere does not deny making such false claim. Rather, without citation to authority, she urges that it should not be held against her because she did not actually vote and because the application did not contain a statement that voting was limited to citizens. These arguments pertain to matters that are irrelevant under the pertinent statute and thus are unavailing. *See* 8 U.S.C. § 1182(a)(6)(C)(ii)(I).

The petition for review is DENIED.

2